J-S12010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BETINA D. MIXON | : | |
| | : | |
| Appellant | : | No. 1391 MDA 2022 |

Appeal from the PCRA Order Entered October 3, 2022,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0000737-2019.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  JUNE 2, 2023**

Betina D. Mixon appeals from the order denying her first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We are constrained to affirm.

The pertinent facts and partial procedural history may be summarized as follows:  On September 28, 2020, a jury convicted Mixon of two counts of aggravated assault and related charges stemming from a fight she had with another female.  The next day, the trial court sentenced Mixon to an aggregate term of 78 to 156 months of imprisonment.  On October 5, 2020, Mixon filed a post-sentence motion, which the trial court denied.  Mixon appealed.  On June 15, 2021, this Court rejected Mixon's claims and affirmed her judgment

_____

[*] Retired Senior Judge assigned to the Superior Court.

of sentence. ***Commonwealth v. Mixon***, 258 A.3d 527 (Pa. Super. 2021)

(non-precedential decision). Mixon did not seek further review.

The PCRA court described Mixon's attempt to secure post-conviction

relief, the denial of her petition, and the resultant appeal, as follows:

> On July 26, 2022, PCRA counsel filed the instant petition pursuant to the [PCRA]. The petition alleged ineffectiveness of trial counsel for failure to submit an alibi defense, as communicated by Mixon, and the failure [to call] character witnesses. Notably, the petition averred that Mixon's judgment of sentence had been affirmed by the Superior Court on July 27, 2021 [(instead of June 15, 2021)]. This court, not immediately recognizing the discrepancy, scheduled the matter for an evidentiary hearing on September 29, 2022.

> At the September 29, 2022, hearing, prior to the presentation of any evidence, the Commonwealth moved to dismiss the petition as untimely. Citing to the PCRA's time restrictions, and the fact that the Superior Court had actually filed its memorandum opinion on June 15, 2021, the Commonwealth noted that the instant petition, filed July 26, 2022, is therefore facially untimely. PCRA counsel responded that he recognized the error and that the Superior Court's filed [in the trial court] on July 27, 2021, but acknowledged the error in the petition. Accordingly, this court dismissed the petition as untimely.

> That same day, Mixon, through [PCRA counsel] file a notice of appeal. In response to our concise statement order pursuant to Pa.R.A.P. 1925(b), Mixon alleged solely that "[Mixon's] right to file a first PCRA petition should be reinstated as she is asserting ineffectiveness of PCRA counsel for failing to timely file a PCRA petition at the first possible opportunity, this appeal, and the ineffectiveness of [PCRA counsel] is plainly established in the record."

> We submit this opinion pursuant to Pa.R.A.P. 1925(a) and we implore the Superior Court to reinstate Mixon's right to file a first PCRA petition.

PCRA Court Opinion, 10/27/22, at 2 (capitalization adjusted; footnote and citations omitted). The PCRA court then stated its agreement with Mixon that PCRA counsel's mistake constituted ineffectiveness *per se* and asked this Court to "reinstate Mixon's right to file a timely PCRA petition." ***Id.*** at 3 (citing ***Commonwealth v. Peterson***, 192 A.3d 1123, 1132 (Pa. 2018)).

Mixon raises the following issue on appeal:

1. Whether [Mixon's] right to file a first PCRA petition should be reinstated where the ineffectiveness of PCRA counsel in failing to timely file a first PCRA [petition] is plainly established in the record?

Mixon's Brief at 5. For the reasons that follow, while we agree that Mixon is entitled to relief, the remedy is not the reinstatement of her right to file a first PCRA petition.

Mixon challenges the denial of her first attempt to obtain post-conviction relief. Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. ***Commonwealth v. Blakeney***, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. ***Id.***

Initially, we note the parties do not dispute that Mixon's first PCRA petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Mixon's judgment of sentence became final on July 15, 2021, thirty days after this Court affirmed her judgment of sentence and the time for filing a petition for allowance of appeal to our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Mixon had until July 15, 2022, to file a timely PCRA petition. Because Mixon filed her first petition on July 26, 2022,

it is untimely unless she has satisfied her burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**. Mistakenly believing her first petition was timely, Mixon did not raise a timeliness exception.

Relying on **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), Mixon asserts that she properly raised PCRA counsel ineffectiveness at her first opportunity to do so in this appeal. Mixon's reliance upon **Bradley** is misplaced. In **Bradley**, our high court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal. **Bradley**, 261 A.3d at 401 (footnote omitted). Unlike the instant case, the PCRA petition at issue in **Bradley** was timely filed.

Moreover, in **Bradley**, although our Supreme Court held that a defendant could raise a claim of PCRA counsel's ineffectiveness for the first time on appeal, our high court rejected a claim that the ineffectiveness of prior PCRA counsel would satisfy the "new fact" time-bar exception. As our high court explained:

> We decline to adopt the approach, suggested by Appellee and *Amicus* Pennsylvania Innocence Project, that would deem a petitioner's "discovery" of initial PCRA counsel's ineffective assistance to constitute a "new fact" that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the "new fact" exception. **See** 42 Pa.C.S. § 9545(b)(1)(iii). We have repeatedly rejected such an understanding of the "new fact" exception to the PCRA's one-year time bar. **See Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 753 A.2d 780, 785 (2000)("[S]ubsequent

- 5 -

counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling Appellant to the benefit of the exception for [newly]-discovered evidence."); [*Commonwealth v. Pursell*, 749 A.2d 911, 916-17 (Pa. 2000)] (finding claim of ineffectiveness assistance of counsel layered upon a claim of trial counsel ineffectiveness was based upon facts that existed at the time of trial, and did not fall within the "new facts" exception to the time bar).

*Bradley*, 261 A.3d at 404 n.18.

Here, Mixon's first PCRA was untimely filed, and, therefore, the jurisdiction of the PCRA court, as well as this Court is implicated. *Derrickson*, *supra*. Although on appeal, PCRA counsel raises his own ineffectiveness for mistaking the applicable filing deadline, as noted in *Bradley*, *supra* claims of ineffectiveness historically have been found not to establish the "new fact" exception to the PCRA's time bar. Hence, we lack jurisdiction to reinstate Mixon's right to file a first PCRA petition. To hold otherwise, would be essentially establishing a new equitable exception to the PCRA; something we have no authority to do. *See Commonwealth v. Harris*, 972 A.2d 1196, 1200 (Pa. Super. 2009) (explaining that the PCRA confers no authority upon the Superior Court to fashion *ad hoc* equitable to the PCRA time bar in addition to those exceptions enumerated in the statute).

Prior to *Bradley*, however, our Supreme Court considered the proper remedy for a PCRA petitioner whose post-conviction review was completely foreclosed by PCRA counsel's miscalculation of a filing deadline. In *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018), after being sentenced to consecutive life sentence for first-degree murder, Peterson filed

a PCRA petition in 1997. Although the docket reflected that an evidentiary hearing was scheduled, it never took place, and there was no further activity in the case for over a decade. Ultimately, after holding hearings in 2013, the PCRA court dismissed the petition on its merits. On appeal, this Court quashed the appeal because it had been filed one day beyond the PCRA's applicable timeliness requirements. *See Commonwealth v. Peterson*, 118 A.3d 459 (Pa. Super. 2015)(non-precedential decision).

Peterson then filed a second petition, seeking the reinstatement of his PCRA appellate rights, *nunc pro tunc*, based on initial PCRA counsel's ineffectiveness for filing his first petition one day late, so that he could challenge the order dismissing his first PCRA petition. The PCRA court held an evidentiary hearing, and based on its factual findings, determined that Peterson's second petition was timely because he essentially established the "new fact" time-bar exception to the PCRA. The PCRA court then denied Peterson post-conviction relief for the same reasons it had denied his first PCRA petition.

Peterson appealed the denial of relief to this Court and the Commonwealth cross-appealed the PCRA court's determination that Peterson's second PCRA petition was timely filed. We granted the Commonwealth's cross-appeal and ruled that Peterson's second petition was untimely. *See Commonwealth v. Peterson*, 158 A.3d 191 (Pa. Super. 2016) (non-precedential decision). In so doing, we distinguished our Supreme Court's previous decision in *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa.

2007), in which our high court found that counsel's abandonment of a PCRA petitioner, thereby completely foreclosing post-conviction review, satisfied the "new fact" exception to the PCRA's time bar. This Court noted that Peterson's counsel did not "abandon" him because counsel filed, albeit late, a first PCRA petition on Peterson's behalf. *Id.* In addition, while we acknowledged the harsh result, we emphasized that the PCRA did not permit us "to fashion ad hoc exceptions to the PCRA time-bar." *Id.* (quoting *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011)).

Our Supreme Court granted discretionary review and reversed this Court's quashal of Peterson's second petition on timeliness grounds. Our high court ruled that counsel's untimely filing of Peterson's first PCRA petition constituted ineffectiveness *per se*, "as it completely deprived Peterson of any consideration of his collateral claims under the PCRA. *Peterson*, 192 A.3d at 1132. Additionally, our high court held that counsel's ineffectiveness *per se* in the late filing of Peterson's first petition was a newly discovered "fact" under Section 9545(b)(1)(ii), because the PCRA court had already made factual findings that Peterson did not know about the untimely filing and could not have ascertained this fact through the exercise of due diligence. *Peterson*, 192 A.3d at 1130-31. Thus, our Supreme Court concluded Peterson could invoke the new fact exception to permit the filing of his second PCRA petition beyond the one-year time bar.

As summarized above, in *Peterson*, the PCRA court had already considered Peterson's second petition to be timely filed. Here, by contrast,

Mixon has yet to file a second PCRA petition, as the mistake in filing her first petition was discovered, the petition was dismissed as untimely, and this appeal was taken. Here, because the first and only PCRA petition was untimely filed, we have no jurisdiction to reinstate Mixon's right to file a first PCRA petition. **Derrickson**, **supra**. Nonetheless, although we affirm the PCRA court's order denying Mixon's first PCRA petition, **Peterson** provides Mixon the opportunity to file a second petition beyond the one-year filing deadline and invoke the new fact exception based on PCRA counsel's ineffectiveness *per se.*[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/02/2023

---

[1] We note that should PCRA counsel file the second PCRA petition he will be asserting his own ineffectiveness. Although generally counsel cannot do so, new counsel need not be appointed when it is clear from the record that counsel was ineffective. **Commonwealth v. Ciptak**, 665 A.2d 1161, 1162 (Pa. 1995). The facts of this case present such a scenario. Further, although the filing of a second petition may seem a waste of judicial resources, we are unable to proceed otherwise.